UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIO LEON YERO,<br><br>Petitioner,<br><br>v.<br><br>U.S GENERAL ATTORNEY, et al.<br><br>Respondents. | No. 1:26-cv-04312-DAD-JDP<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 1) |

On June 5, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1), which this court construed as a motion for temporary restraining order in light of petitioner's *pro se* status and his request for immediate relief. (Doc. No. 4.)  Therein, petitioner states that he entered the United States in 2022, presented himself to Customs and Border Patrol ("CBP"), and was released so that he could pursue his asylum application. (Doc. No. 1 at 6.)  Petitioner argues, among other things, that his detention violates due process because he was detained without a hearing. (*Id.*)

Petitioner previously filed a petition for writ of habeas corpus in the Southern District of Florida, *Leon-Yero v. Warden, Krome North SPC, et al.*, 26-cv-23093-RAR ("*Yero I*") on May 1, 2026. (Doc. No. 1 at 5.)  The court in *Yero I* determined that petitioner entered the United States on May 8, 2022, that he was granted parole, and that he was re-detained by immigration

1

authorities on April 22, 2026 without being informed of any legal basis for being detained.[1] (Doc. No. 6-2 at 1–2.)

In *Yero I*, the respondents conceded that petitioner may not be detained pursuant to § 1225(b) and that he was instead subject to detention pursuant to § 1226(a) in light of Eleventh Circuit precedent, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The court in *Yero I* granted petitioner's habeas petition in part and ordered a bond hearing pursuant to § 1226(a). (Doc. No. 6-2 at 3–5.) *Yero I* was closed without reaching the merits of petitioner's due process claims. (*Id.* at 4.) Pursuant to the court's order in *Yero I*, petitioner received a bond hearing on May 19, 2026, at which petitioner bore the burden of proof, and the IJ found that petitioner was a flight risk and denied bond.[2] (Doc. No. 6-3 at 1–2.)

On June 9, 2026, this court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, if respondents opposed the court ruling on the underlying petition based on the present briefing, respondents were directed to so indicate and provide substantive reasons in support thereof in their opposition. (*Id.*)

On June 11, 2026, respondents filed a notice of related cases (Doc. No. 5), a combined opposition to the motion for temporary restraining order and response to the habeas petition (Doc.

/////

/////

---

[1] Respondents appear to generally agree with these facts, in stating, without supporting evidence, that petitioner entered the United States on or about May 10, 2022, was placed in removal proceedings, and was granted "temporary release." (Doc. No. 6 at 2.)

[2] The court will limit its review to petitioner's due process claims relating to his re-detention. In this regard, the court does not review whether the bond hearing provided to petitioner on May 19, 2026, complied with due process or the district court's order in *Yero I*. Additionally, the court finds that this petition is not barred as a successive petition first because respondents have failed to plead abuse of the writ and second because the district court in *Yero I* explicitly declined to determine the merits of petitioner's due process claims. *See Kachur v. Chestnut*, No. 1:26-cv-03362-DAD-JDP (HC), 2026 WL 1229009, at *2 (E.D. Cal. May 5, 2026) ("[T]he government bears the burden of pleading abuse of the writ.").

2

No. 6), and a proof of service for unnamed documents (Doc. No. 7).[3]  Respondents did not state any opposition to this court ruling on the merits of the petition and, pursuant to the court's prior order (Doc. No. 5), the court will therefore address the underlying merits of the petition in this order.  In their opposition, respondents make the following arguments:  (1) the petition should be dismissed because petitioner failed to exhaust administrative remedies; (2) the court lacks jurisdiction pursuant to 8 U.S.C. § 1252; and (3) petitioner is an applicant for admission subject to mandatory detention pursuant to § 1225(b).  (Doc. No. 7 at 2–7.)

With regard to this court's jurisdiction, respondents argue that this court lacks jurisdiction to review detention during removal proceedings pursuant to § 1252(g).  (Doc. No. 6 at 5.)  This is clearly incorrect.  The Ninth Circuit has "limited the statute's jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."  *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018).  Indeed, this court has considered and rejected respondents' argument, which is contrary to binding Ninth Circuit precedent, in an order that this court directed respondents to address in their opposition.  *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025).

Concerningly, respondents misstate Ninth Circuit precedent to bolster their misplaced argument that this court lacks jurisdiction.  Specifically, respondents argue that "*Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022), confirms that detention during removal, even when challenged through habeas, falls within § 1252(g)'s jurisdictional bar and are further channeled through the petition-for-review process under §§ 1252(a)(5) and (b)(9)."  This is a misstatement of the Ninth Circuit's holding in *Rauda*.  There, the petitioner appealed "the district court's order denying his request for a temporary restraining order to prevent the government from removing him from the United States[]" while his motion to reopen removal proceedings was pending in

---

[3]  The proof of service, which is not attached to any documents, states only that counsel "prepared these documents" for mailing and service.  (Doc. No. 7.)  The court presumes that the proof of service refers to the notice of related cases (Doc. No. 5) and the combined opposition to the motion for temporary restraining order and response to the habeas petition (Doc. No. 6) as those are the only documents which have been filed by respondents in this case.

immigration court. *Rauda*, 55 F.4th at 774. The Ninth Circuit determined that § 1252(g) precluded judicial review of the "Attorney General's exercise of his discretion to execute Matias's removal order." *Id.* at 778. Notably, the Ninth Circuit in *Rauda* did not cite §§ 1252(a)(5) and (b)(9), both of which respondents rely on in their argument quoted above. Further, unlike *Rauda*, petitioner in this case is not subject to a removal order and does not request that this court enjoin his removal in his Prayer for Relief. (Doc. No. 1 at 7.) Rather, petitioner requests his immediate release. (*Id.*)

Respondents also rely on the decision in *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016) for the proposition that §§ 1252(a)(5) and (b)(9) bar this court from reviewing petitioner's detention via a habeas petition. (Doc. No. 6 at 5.) Yet in *J.E.F.M* the Ninth Circuit specifically stated that "§ 1252(b)(9) 'does not apply to federal habeas corpus provisions that do not involve final orders of removal.'" 837 F.3d at 1032 (quoting *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006)).[4] The court finds that it has jurisdiction to review petitioner's request for release in this habeas petition. *See Yang*, 2025 WL 2791778, at *3.

Regarding respondents' argument that petitioner is subject to mandatory detention as an applicant for admission pursuant to § 1225(b), the undersigned has rejected this argument on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

Finally, respondents argue that the petition should be dismissed because petitioner has failed to exhaust his administrative remedies. (Doc. No. 7 at 2–4.)

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). As the Ninth Circuit has stated:

> Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and

---

[4]  In light of these misstatements of Ninth Circuit precedent, the court cautions respondents' counsel that it will not look kindly on continued misstatements of Ninth Circuit precedent.

4

> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). This court recently excused the prudential administrative exhaustion requirement in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *3 (E.D. Cal. Apr. 21, 2026), where the petitioner challenged his detention as violating his due process rights because his detention was carried out without notice or an individualized assessment.

Here, as in *Ramirez*, administrative exhaustion would not cure the due process violation that petitioner experienced when he was detained without notice or an individualized assessment. Additionally, "requiring Petitioner to be detained in alleged violation of his constitutional right to due process, pending the [Board of Immigration Appeal's] decision would cause irreparable harm, which alone provides a sufficient basis to waive exhaustion under *Laing*." *Rufino Ligario Hernandez v. Mark Wayne Mullin, et al.*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026) (excusing prudential administrative exhaustion as futile).

In light of petitioner's previous parole into the United States, the court incorporates and adopts the reasoning set forth in its prior order *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and that his re-detention absent notice and a hearing violated due process. In addition, the court incorporates and adopts the reasoning set forth in *Anderson v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3 (E.D. Cal. Mar. 24, 2026), where the court determined that a post-deprivation bond hearing provided long after the petitioner was re-detained does not satisfy due process.

/////

5

For the reasons explained above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Silvio Leon Yero, A-File No. 216-632-439, from respondents' custody on the conditions, if any, he was subject to prior to his detention on April 22, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

3.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 11, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6